IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DURANDO,**<br>             **Plaintiff,**<br><br>              v.<br><br>**THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND MARCELO KAZANIETZ,**<br>             **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  21-756** |

# O R D E R

**AND NOW**, this 6th day of July, 2022, upon consideration of Defendant The Trustees of the University of Pennsylvania's Motion to Preclude the Report and Testimony of Dr. Lynn R. Hlatky (ECF No. 29), Plaintiff's Opposition thereto (ECF No. 32), and Defendant's Reply (ECF No. 34), it is **HEREBY ORDERED THAT** Defendant's Motion is **DENIED**.  It is, however, **FURTHER ORDERED THAT** the following passages are stricken from Hlatky's Report:

1. "This change in career trajectory and opportunity appears to be the direct result of events and conduct Dr. Durando experienced at the University of Pennsylvania and, in particular, in the laboratory of Dr. Kazanietz; that constitute violations of NIH funding requirements."

2. "Examining the documents in this case, it appears that the T32 funds awarded to support the full time (40 hours per week) cancer research training of Dr. Durando in Dr. Kazanietz's laboratory were diverted from their strict NIH-dictated purpose.  This was driven, in my opinion, by clear and protracted pressure by Dr. Kazanietz upon the Trainee to engage in activities for the personal benefit of Dr. Kazanietz that were inimical to the core terms and restrictions of the T32 grant funding mechanism.  In my view, these actions, as Dr. Durando reported them, lay well outside the bounds allowable under the T32 funding."

                                                            **BY THE COURT:**

                                                            **/s/Wendy Beetlestone, J.**
                                                            _____
                                                            **WENDY BEETLESTONE, J.**